**DENIED and Opinion Filed March 19, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00308-CV

## IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND LINDSEY NICOLE DESSART, Relators

**Original Proceeding from the County Court at Law No. 2
Grayson County, Texas
Trial Court Cause No. 2023-2-082CV**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court are relators' March 15, 2024 petition for writ of mandamus and emergency motion for temporary relief. In their petition, relators challenge two trial court orders compelling their respective depositions. In their emergency motion, relators seek to stay the depositions pending our action on the petition.

This original proceeding arises out of an underinsured motorist lawsuit. In these types of cases where, as here, extracontractual claims are included, a common practice is for the trial court to order two separate trials: (1) an initial "car crash" trial to determine the underinsured motorist's liability and therefore the insurer's liability under the applicable underinsured motorist policy and (2), if the insured

succeeds, a trial on the extracontractual claims. *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 870 (Tex. 2021) (orig. proceeding). Implementing such a procedure can limit the scope of discovery in the first phase, primarily in terms of relevance but also on proportionality grounds when certain stipulations are made and supporting evidence is provided. *See In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787–95 (Tex. 2021) (orig. proceeding).

Here, relators originally moved to quash their respective depositions on the basis that real party noticed the depositions unilaterally and that relators' counsel had an unspecified scheduling conflict. Approximately seven weeks later, and eight days before the trial court's hearing on the motions, relators filed a supplement arguing that (1) the depositions did not meet the proportionality requirements under rule 192.4 given that the case is still in the initial car-crash phase and (2) there was no ripe claim against the claims adjuster in this initial phase. The next day, relators filed an unsworn declaration from a State Farm team manager in support of their motions to quash, particularly as it related to their proportionality objections.

The following day, over seven months since their initial appearance and six days before the hearing, relators filed a motion to sever and abate the extracontractual claims. Later that day, real party filed a response to the motions to quash, asserting several objections and asking the trial court to strike relators' supplement and unsworn declaration. Following the hearing, in two written orders, the trial court sustained real party's objections, struck the supplement and the

unsworn declaration, denied relators' motions to quash, and ordered the depositions be taken within eighteen days. Relators then initiated this original proceeding, where they challenge these trial court rulings and ask this Court to issue a writ of mandamus instructing the trial court to vacate these orders and quash their depositions.

Based on the record before us, even if we were to assume that the trial court abused its discretion in striking the supplement and unsworn declaration and should have considered them, relators would still not have established entitlement to the ultimate mandamus relief that they seek—sustaining their proportionality objections and quashing their depositions. Proportionality complaints must be supported with evidence. *See In re USAA*, 624 S.W.3d at 792. Here, relators relied primarily on an unsworn declaration from a State Farm team manager to support their proportionality complaints. But that declaration, as included in relators' mandamus record, is unsigned and does not include the necessary jurat. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a), (c), (d); *see also In re State Farm Mut. Auto. Ins. Co.*, No. 05-23-01062-CV, 2023 WL 7984390, at *1 (Tex. App.—Dallas Nov. 17, 2023, orig. proceeding) (mem. op.).

Additionally, nothing in relators' mandamus record shows that the trial court has ordered separate trials, whether by bifurcation, severance, or otherwise. Relators did not move to sever and abate until after they asserted their proportionality objections and six days before the hearing on whether to quash the depositions. Relators concede that they have not set their motion to sever and abate for hearing,

and nothing in the record shows or suggests that they requested that the trial court resolve their motion to sever and abate before or concurrently with their motions to quash. Therefore, at the time the trial court heard the motions to quash, all claims including the extracontractual claims were live, and discovery should be permitted on all live claims. *See In re State Farm*, 2023 WL 7984390, at *1.

Based on the mandamus record before us and the procedural posture reflected therein, we conclude that relators failed to demonstrate entitlement to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny relators' emergency motion for temporary relief as moot.

240308f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE